# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ANAMARC ENTERPRISES, INC./ §
J. MARSHALL MILLER, Chapter 7 §
Trustee for Anamarc Enterprises, Inc., §
     Appellant, §     **CIVIL ACTION NO. 15-0876**
§
v. § Bankruptcy Adversary No. 14-3028
§
ENRIQUE DIAZ, *et al.*, §
     Debtors/Appellees. §

## <u>MEMORANDUM AND ORDER</u>

     Anamarc Enterprises, Inc. ("Anamarc") filed an adversary proceeding against Debtors Enrique Diaz and Elsa Lorena Pina, alleging that they embezzled approximately $600,000.00, while employed by Anamarc. The United States Bankruptcy Court for the Southern District of Texas issued an Order Dismissing Adversary Proceeding ("Dismissal Order") [Doc. # 60 in Adv. No. 14-3028] on March 20, 2015, dismissing the adversary proceeding with prejudice. Anamarc filed a timely Notice of Appeal [Doc. # 1-1] and Appellant's Brief [Doc. # 7]. Debtors filed their Appellees' Brief [Doc. # 12], and Appellant filed its Reply Brief [Doc. # 15]. Having reviewed the full record and the governing legal authorities, the Court **reverses** the Bankruptcy Court's Dismissal Order and **remands** this adversary proceeding to the

Bankruptcy Court for further proceedings consistent with this Memorandum and Order.

## I.   <u>BACKGROUND</u>

Anamarc operated Anamarc College, where Debtors were employed.  Pina is the sister of Anamarc's President, and Diaz is Pina's husband.  Diaz was in charge of student accounts, including the collection of tuition.  Pina was a registrar for the college and coordinated student accounts.  Pina could also accept student payments.

In late 2012, Anamarc sued Debtors in Texas state court in El Paso, Texas, where Debtors lived at the time the lawsuit was filed.  Anamarc alleged that Debtors had embezzled approximately $600,000.00, during their employment.  Anamarc alleged that when confronted, Diaz signed a written confession.  In his deposition in the state court lawsuit, Diaz asserted his rights under the Fifth Amendment.

On August 13, 2013, after moving from El Paso to Houston, Debtors filed a voluntary petition under Chapter 7 [Doc. # 1 in Bankruptcy Case No. 13-35027].  By Order entered October 9, 2013, the Bankruptcy Court extended to February 4, 2014 the deadline for filing complaints to determine dischargeability and for filing complaints objecting to discharge.  *See* Order of Motion for Extension of Deadlines [Doc. # 24 in Bankruptcy Case No. 13-35027].  The extension granted in the order

was "for the benefit of all creditors, parties in interest, Chapter 7 Trustee and US Trustee." *See id.*

On February 3, 2014, Anamarc filed underlying Adversary Proceeding No. 14-3028.   On February 13, 2014, the Bankruptcy Court entered a Comprehensive Scheduling Order [Doc. # 6 in Adv. No. 14-3028].  In the order, the Bankruptcy Court scheduled a status conference for March 27, 2014.  Neither Anamarc nor its counsel appeared for the conference.   As a result, the Bankruptcy Court dismissed the adversary proceeding.  *See* Order Dismissing Adversary Proceeding [Doc. # 15 in Adv. No. 14-3028].

On April 2, 2014, Anamarc filed a Motion to Set Aside and Vacate Order Dismissing Adversary Proceeding and to Reopen and Reinstate Adversary Proceeding ("Motion to Reinstate) [Doc. # 16 in Adv. No. 14-3028].  On May 27, 2014, the Bankruptcy Court conducted a hearing on the Motion to Reinstate.  By Order [Doc. # 29 in Adv. No. 14-3028] entered June 4, 2014, the Bankruptcy Court granted the Motion to Reinstate, vacated the prior dismissal order "in its entirety," and required Anamarc to pay $2,292.50 to Debtors' counsel.

On August 7, 2014, Anamarc filed a voluntary petition under Chapter 7 in the United States Bankruptcy Court for the Western District of Texas.  *See* Petition [Doc.

# 1 in WD Bankruptcy Case No. 14-31284].[1]  J. Marshall Miller was appointed Chapter 7 Trustee for the Anamarc bankruptcy proceeding.  Anamarc filed a Suggestion of Bankruptcy in the adversary proceeding in Houston, and requested a continuance of deadlines in the adversary proceeding to allow Miller "to complete his study, investigation, and analysis" of the adversary proceeding.  *See* Suggestion of Bankruptcy [Doc. # 33 in Adv. No. 14-3028].  The Bankruptcy Court entered an Amended Scheduling Order [Doc. # 37 in Adv. No. 14-3028] on December 1, 2014. In that order, the Bankruptcy Court ordered Anamarc to have "retained duly authorized counsel by no later than January 1, 2015 and shall submit a report to this Court of such retention."  *See id.*, ¶ 4.  The Bankruptcy Court further ordered that "if [Anamarc] fails to retain duly authorized counsel within the allotted time period, then this Court will dismiss this adversary proceeding with prejudice."  *Id.*

By December 3, 2015, Miller decided to retain Anamarc's current counsel to prosecute the adversary proceeding.  Miller, in an attempt to protect Anamarc's creditors by limiting the cost of serving the application to approve employment of counsel on more than 967 creditors and interested parties, asked the Western District Bankruptcy Court to limit service [Doc. # 29 in WD Bankruptcy Case No. 14-31284].

---

[1]     It is unclear from this record whether Anamarc listed the adversary proceeding to recover the funds allegedly embezzled by Defendants as property of the bankruptcy estate.

That request was granted on December 15, 2014 [Doc. # 39 in WD Bankruptcy Case No. 14-31284].

By December 8, 2015, Anamarc's counsel delivered to Miller an application for the Western District Bankruptcy Court to approve employment of counsel. Due to a miscommunication between Miller and Anamarc's counsel regarding who would file the application, it was not filed with the Western District Bankruptcy Court until January 2, 2015. That same day, Miller filed a Report of Retention of Counsel by Chapter 7 Trustee for Plaintiff Anamarc Enterprises, Inc. ("Report") [Doc. # 39 in Adv. No. 14-3028]. In the Report, Miller advised the Southern District Bankruptcy Court that he had decided to retain counsel in the adversary proceeding and was submitting an application to the Western District Bankruptcy Court for approval of such employment, *nunc pro tunc*. *See id.* The application [Doc. # 44 in WD Bankruptcy Case No. 14-31284] was filed January 2, 2015, but was rejected by the Western District Bankruptcy Court on January 5, 2015, because it failed to include a proposed order [Doc. # 45 in WD Bankruptcy Case No. 14-31284]. The application, with a proposed order, was resubmitted that same day [Doc. # 46 in WD Bankruptcy Case No. 14-31284]. On February 2, 2015, the Western District Bankruptcy Court approved the application for employment of counsel *nunc pro tunc* to August 7, 2014,

the date the Anamarc Chapter 7 petition was filed.  *See* Order [Doc. # 57 in WD Bankruptcy Case No. 14-31284].

Meanwhile, on Monday, January 5, 2015, Debtors filed a Motion to Enforce Amended Scheduling Order Requiring Dismissal of Adversary Proceeding [Doc. # 40 in Adv. No. 14-3028].  The Bankruptcy Court conducted a hearing on the motion on March 6, 2015.  At the time of the hearing on March 6, 2015, the Western District Bankruptcy Court had authorized retention of counsel *nunc pro tunc* to August 7, 2014.  The Bankruptcy Court made findings of fact and conclusions of law on the record following the hearing.  *See* Transcript [Doc. # 2-26], pp. 37-55.  By order entered March 20, 2015, the Bankruptcy Court granted the motion and dismissed the adversary proceeding with prejudice.  Anamarc filed a timely Notice of Appeal.

## II.   <u>STANDARD OF REVIEW</u>

Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion.  *See In re Mandel*, 578 F. App'x 376, 391 (5th Cir. Aug. 15, 2014) (citing *In re Repine*, 536 F.3d 512, 518 (5th Cir. 2008)); *In re Vallecito Gas, LLC*, 771 F.3d 929, 932 (5th Cir. 2014).  A bankruptcy court abuses its discretion when it (1) applies an improper legal standard, which is reviewed *de novo*, or (2) bases its decision on findings of fact that are clearly erroneous.  *See In re Woerner*, 783 F.3d 266, 270-71 (5th Cir. 2015).

## III.   ORDER DISMISSING ADVERSARY PROCEEDING

The Bankruptcy Court dismissed this adversary proceeding with prejudice based on Anamarc's failure to comply with the Amended Scheduling Order's requirement that it obtain "duly authorized counsel" by January 1, 2015.  Anamarc argues that the dismissal with prejudice should be reversed because the Bankruptcy Court based his decision on an incorrect legal standard.[2]

The Bankruptcy Court did not identify the legal basis for dismissing the adversary proceeding for failure to comply with a court order, but it appears that the dismissal was based on Rule 41(b) of the Federal Rules of Civil Procedure, applicable to adversary proceedings pursuant to Bankruptcy Rule 7041.  Rule 41(b) allows a court to dismiss a proceeding for failure to comply with a court order.  *See* FED. R. CIV. P. 41(b).

A Rule 41(b) dismissal is reviewed for an abuse of discretion.  *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).  A dismissal *with prejudice* pursuant to

---

[2]     Anamarc argues also that the dismissal with prejudice of the adversary proceeding violated the automatic stay provision of 11 U.S.C. § 362(a)(3) as an exercise of control over property of Anamarc's bankruptcy estate.  The Bankruptcy Court determined that the dismissal did not violate § 362(a)(1), but failed to discuss the applicability of § 362(a)(3).  The record before the Court is insufficient to determine whether the claim asserted in the adversary proceeding was listed or otherwise became property of Anamarc's bankruptcy proceeding, and the § 362(a)(3) issue was not addressed below.  Consequently, the issue is more appropriately considered in the first instance by the Bankruptcy Court following remand.

Rule 41(b) "will be affirmed only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Id.* The test for dismissals with prejudice is conjunctive and, therefore, both elements must be present. *Id.* Courts are required to apply this exacting standard because a dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Id.* (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

In this case, the Bankruptcy Court did not apply the correct legal standard for a dismissal of the adversary proceeding with prejudice. The Court did not address whether there was a clear record of delay or contumacious conduct by the Anamarc, or whether there were lesser sanctions that would serve the interests of justice. Instead, the Bankruptcy Court stated, "I try to balance equities" and "I need to balance the equities." *See* Transcript, pp. 52, 54. This "balance the equities" test is not the proper standard for a dismissal with prejudice.

Furthermore, there is no "clear record of delay or contumacious conduct" by Anamarc. First, counsel for Anamarc failed to appear for the status and scheduling conference on March 27, 2014. Anamarc explained counsel's absence and requested reinstatement of the adversary proceeding. The Bankruptcy Court granted Anamarc's

motion and vacated the dismissal order "in its entirety."  *See* Order Granting Motion to Reinstate [Doc. # 29 in Adv. No. 14-3028].

Later, in the Amended Scheduling Order [Doc. # 37 in Adv. No. 14-3028] entered December 1, 2014, the Bankruptcy Court ordered Anamarc to have "retained duly authorized counsel by no later than January 1, 2015 and shall submit a report to this Court of such retention."  The Bankruptcy Court stated that this language was included in the Amended Scheduling Order because he "didn't want this Trustee to sort of piddle around and not make a decision."  *See* Transcript, p. 46; *see also* p. 48 ("I wanted the Trustee to make a decision.").  There is no evidence in the record that the Trustee failed to make a prompt decision.  Indeed, the undisputed record establishes that Anamarc retained counsel on December 3, 2014.  Anamarc submitted a report to the Court on January 2, 2015, the first business day after the January 1, 2015 holiday.[3]  All that remained was for the retained counsel to become "duly authorized" by the Western District Bankruptcy Court.  That occurred on February 2, 2015, when the Western District Bankruptcy Court approved the application for employment of counsel *nunc pro tunc* to August 7, 2014, the date the Anamarc Chapter 7 petition was filed.  *See* Order [Doc. # 57 in WD Bankruptcy Case No. 14-

---

[3]     Since January 1, 2015 was a federal holiday, the status report was timely filed on the next business day.  *See* FED. R. BANKR. P. 9006(3); *Nolos v. Mukasey*, 2008 WL 5351894, *1 n.1 (W.D. Tex. Sept. 25, 2008).

31284].  Therefore, by the date of the March 6, 2015 hearing on Debtors' Motion seeking dismissal of the adversary proceeding, the Western District Bankruptcy Court had "duly authorized" the December 3, 2014 retention of counsel as of August 7, 2014, well before the January 1, 2015 deadline.  The status report was filed the first business day following the holiday deadline.  There is no evidence in the record of intentional, unreasonable delay by the Trustee in deciding to retain counsel to represent Aramarc in the Southern District Adversary Proceeding.

Additionally, the Bankruptcy Court stated that the language regarding dismissal with prejudice was included in the Amended Scheduling Order because he "wanted to make sure that we didn't -- that we moved this case along."  *See* Transcript, p. 46. The counsel retained to represent Anamarc in the adversary proceeding was the same attorney who had been representing Anamarc throughout.  As a result, there is no evidence that Anamarc's failure to have its retained counsel authorized by the Western District Bankruptcy Court by January 1, 2015, resulted in any delay in the adversary proceeding.

At most, the record establishes that Anamarc failed to comply with the order to appear for the March 27, 2014 status and scheduling conference, and failed to comply fully and in a timely manner with the December 1, 2014 Amended Scheduling Order. A court "generally may not dismiss with prejudice if the plaintiff 'fail[s] only to

comply with a few court orders.'" *Keith v. Gutierrez*, 2015 WL 4523539, *1 (5th Cir. July 27, 2015) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1192 & n.6 (5th Cir. 1992)).  Anamarc's failure to comply strictly with the two Bankruptcy Court orders does not demonstrate the recalcitrance that Fifth Circuit case law requires before a proceeding is dismissed with prejudice.  *See Coleman*, 745 F.3d at 767.

The Bankruptcy Court did not find a clear record of delay or contumacious conduct by Anamarc, and this Court notes that no such clear record exists. Additionally, there is no discussion in the record indicating that the Bankruptcy Court considered other, lesser sanctions before dismissing the adversary proceeding with prejudice.  As a result, the Bankruptcy Court failed to apply the correct legal standard for dismissal of the adversary proceeding with prejudice, and the dismissal with prejudice is reversed as an abuse of discretion.

## IV.   **CONCLUSION AND ORDER**

The Bankruptcy Court failed to apply governing Fifth Circuit authority for dismissals with prejudice.  By failing to apply the appropriate legal standard, the Bankruptcy Court abused its discretion.  As a result, it is hereby

**ORDERED** that the Bankruptcy Court's Order Dismissing Adversary Proceeding [Doc. # 60 in Adv. No. 14-3028] is **REVERSED** and this adversary

proceeding is **REMANDED** to the Bankruptcy Court for reinstatement and further

proceedings consistent with this Memorandum and Order.

SIGNED at Houston, Texas, this 5th of **August, 2015**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE